UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEPHEN DURR, | ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 19-1340 (ABJ) |
| DEPARTMENT OF ARMY, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

*Pro se* plaintiff Stephen Durr, a former soldier in the United States Army, brings this action under the Administrative Procedure Act, 5 U.S.C. §§ 701–706 ("APA"), against the Department of Army and the Office of Attorney General ("defendants"). Plaintiff contends he was wrongfully separated from the Army in 1994. Since that time, he has brought a series of appeals, requests for correction of his military record, and requests for reinstatement in the Army, each of which has been denied. Now, plaintiff seeks judicial review of a 2014 decision by the Army Board for Correction of Military Records ("ABCMR") denying his requests for the correction of his military record, reinstatement to active duty, a promotion, and receipt of back pay and other pecuniary benefits. Among other forms of relief, plaintiff requests that the Court set aside the decision of the ABCMR, order the Army to reinstate him to an appropriate position in the Army, and award him monetary damages. Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, the Court agrees that it lacks subject matter jurisdiction over the APA claim and that plaintiff has

failed to show his right to mandamus relief. Therefore, defendants' motion to dismiss will be granted.

## BACKGROUND

I. **Factual Background**

Plaintiff served in the Army from July 6, 1989, until September 9, 1994. Compl. [Dkt. # 1] ¶¶ 1, 5. On January 9, 1993, he was discharged from active duty after being diagnosed with schizophrenia, App. C to Compl. [Dkt. #1-1] at 13,[1] and was placed on the Temporary Disability Retired List ("TDRL" or "the list") effective January 8, 1993. Compl. ¶ 2; App. B to Compl. [Dkt. # 1-1] at 6–10. Placement on the TDRL requires a minimum disability rating of 30%, and it enables disabled service members to remain in the Army and collect retired pay and benefits. App. B to Compl. at 7–8. To remain on the list, Plaintiff was required to have periodic physical examinations. *Id*.

On May 24, 1994, a medical evaluator observed that plaintiff's disability "does not appear stabilized." Compl. ¶ 3; App. C to Compl. at 13–14; Defs.' Mem. of P & A in Supp. of Defs.' Mot. to Dismiss [Dkt. # 9-1] ("Defs.' Mem.") at 3. The medical evaluator recommended that plaintiff remain on the TDRL. App. C to Compl. at 14. On August 9, 1994, the Army's Physical Evaluation Board ("PEB" or "the board") notified plaintiff that it had "informally reviewed [his] recent periodic medical examination and other available records," Compl. ¶ 4; App. D to Compl. [Dkt. # 1-1], and determined that plaintiff's condition had not improved sufficiently to make him fit for duty. App. D to Compl. at 18. The board found that plaintiff's disability rating was 10%, too low to remain on the disability list. Compl. ¶ 13; App. D to

---

1     A document outside the complaint may be considered on a motion to dismiss if it is "referred to in the complaint" and is "integral to" the plaintiff's claim. *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004). All documents referred to by an Appendix number ("App. #") were attached to the complaint at Exhibit 1.

Compl. at 18. It informed plaintiff that he would, therefore, be removed from the TDRL with severance pay. App. D to Compl. at 18. The PEB included information about plaintiff's rights to either concur or disagree with the findings, receive guidance from a Physical Evaluation Board Liaison Officer, and have a hearing on his case. *Id*. at 16–17. Plaintiff concurred with the findings. Compl. ¶ 9, App. D to Compl. at 19. Based on the determination of the Physical Evaluation Board, the Army issued an order separating plaintiff from military service on September 9, 1994, citing plaintiff's "permanent physical disability" and 10% disability rating. Compl. ¶¶ 5; App. E to Compl. [Dkt. # 1-1] at 21.

Plaintiff now contends that the PEB provided him with "false and misleading information with regard for [sic] the requisites for separation from service," which caused him to "unknowingly" agree to its determination. Compl. ¶¶ 6, 9. In addition, plaintiff asserts that the Army inappropriately cited a permanent disability as grounds for his separation from service when the medical evaluation had simply stated that his disability did "not appear stabilized." *Id*. ¶¶ 10–11, 12b. Plaintiff claims that due to these errors, the Army is required to reinstate him to service. *Id*. ¶ 14.

Plaintiff filed claims with the Army Board for the Correction of Military Records in March 1999 and February 2011, asking unsuccessfully to be reinstated. Ex. 2 to Defs.' Mem. [Dkt. # 9-3] at 2.[2] Plaintiff then filed the ABCMR appeal at issue here on March 21, 2014. Compl. ¶ 17. The ABCMR dismissed the action on October 28, 2014, citing plaintiff's failure to provide "any medical evidence to demonstrate an injustice or error with regard to the separation of the plaintiff." Compl. ¶ 18, citing App. F to Compl. [Dkt. # 1-1] at 3. Plaintiff contends,

---

2    Ex. 2 is the Court of Federal Claims Order of Dismissal of a 2018 complaint filed by plaintiff (discussed further below). Though plaintiff fails to mention the interim ABCMR decisions, for purposes of detailing the history of this matter, the information is included here.

however, that he submitted the original findings of the Army medical board as evidence, and thus the ABCMR decision was arbitrary, capricious and an abuse of discretion in violation of the APA. Compl. ¶¶ 19–20.

Since 2014, plaintiff has filed a second claim for the correction of his military record with the ABCMR which remains outstanding. Compl. ¶¶ 23–24. Additionally, plaintiff brought an action in of the Court of Federal Claims seeking reinstatement to active duty, payment of lost benefits, and other forms of monetary relief. Pl.'s Resp. To Defs.' Mot. to Dismiss [Dkt. #12] ("Pl.'s Resp.") ¶ 15(a); Ex. 2 to Defs.' Mem. [Dkt. # 9-3] at 1.[3] The Court of Federal Claims dismissed the case, holding that the claim was barred by the court's six-year statute of limitations. Ex. 2 to Defs.' Mem. at 3.

## II. Procedural History

Plaintiff initiated this action on May 6, 2019, seeking judicial review of the ABCMR's 2014 decision and monetary relief in the amount of $25 million for lost wages and other pecuniary benefits. Compl. ¶¶ 27, 29; Pl.'s Amendment to Addendum [Dkt. # 5] ¶ 2; Pl.'s Amendment to Relief Sought in Initial Appeal [Dkt. # 18] at 1.[4] He argues that because the ABCMR failed to consider the medical evidence he submitted, including the 1994 medical evaluation and PEB determination, its decision denying his request to correct his military record was arbitrary, capricious, and an abuse of discretion. Compl. ¶ 20.

---

3   Although plaintiff failed to include information regarding the Court of Federal Claims action in his complaint, defendants raised it in their Memorandum of Points & Authorities in Support of Motion to Dismiss at 4–5 and attached the Court of Federal Claim's Order of Dismissal at Ex. 2 to their Motion to Dismiss, and plaintiff acknowledged the action in his Response at ¶ 15.

4   Plaintiff filed a Supplement to the Complaint [Dkt. # 2] and an Amendment to the Complaint ("Amendment to Addendum") [Dkt. #5], which are read as part of the Complaint.

In addition, plaintiff appears to seek mandamus relief under 28 U.S.C. § 1361. Compl. ¶ 29. He urges the Court to direct the Army to reinstate him to military service as of the date of his permanent separation from the Army and to award him various employment benefits he claims he would have received had he not been separated. Compl. ¶ 27.[5]

On August 13, 2019, defendants filed their motion to dismiss for lack of subject matter jursidiction, arguing that the APA does not waive sovereign immunity for actions seeking monetary relief. Defs.' Mem. at 8. In addition, defendants argue that should the Court find that it lacks jurisdiction over the case, it should not transfer the case back to the Court of Federal Claims for review of plaintiff's petition for mandamus, as that court has already determined plaintiff's claims are time barred. *Id*. at 10.

Plaintiff filed a response on August 21, 2019, arguing among other things, that this Court maintain jurisdiction through the Mandamus Statute and can, therefore, order the relief he seeks. Pl.'s Resp. [Dkt. # 12] at 15(d)–16.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Rule 12(b)(1), a court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In addition, where

---

5    Plaintiff does not refer to 28 U.S.C. § 1361 in the complaint or either supplements. He first references it in the Pl.'s Resp. ¶ 15(b). However, reading the complaint liberally, the Court finds that plaintiff's request that the Court order defendants to take actions to correct plaintiff's record and grant him other forms of relief, Compl. ¶ 29, makes out a claim for mandamus relief.

5

the action is brought by a plaintiff proceeding *pro se*, "the court must take particular care to construe plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Cheeks v. Fort Myer Constr.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Unlike when deciding a motion to dismiss under Rule 12(b)(6), a court "is not limited to the allegations of the complaint in deciding a Rule 12(b)(1) motion." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F.Supp.2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

### I. The Court lacks subject matter jurisdiction under the APA and Tucker Act.

Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court with limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement [. . .] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339

F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

Subject matter jurisdiction is a necessary predicate to an exercise of this Court's Article III power. *See Kokkonen*, 511 U.S. at 377. It is statutory in nature, and the party seeking federal judicial review must establish that it has satisfied at least one of the statutory bases. *See Lujan*, 504 U.S. at 561. Additionally, in cases like this one where the defendant is an agency of the United States of America, the plaintiff also bears the burden of establishing that the federal government has waived its sovereign immunity. *See Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006).

Here, plaintiff asserts that the Court has subject matter jurisdiction under the APA and Mandamus Statute. Compl. ¶¶ 20, 27. Defendants, on the other hand, argue that the APA does not waive the government's sovereign immunity for an action seeking monetary relief. Defs.' Mem. at 8. They maintain that the Tucker Act, 28 U.S.C. § 1491(a), divests the Court of jurisdiction over the APA claim because it confers the Court of Federal Claims with exclusive jurisdiction over requests for monetary relief in excess of $10,000. Defs.' Mem. at 8–9.

Although section 702 of the APA often serves as a waiver of sovereign immunity because it "waives that immunity for any claim brought by an individual who 'suffer[ed] legal wrong because of agency action, or [was] adversely affected or aggrieved by agency action,'" *Nat'l Motor Freight Traffic Assoc., Inc. v. Gen. Services Admin.*, 25 F. Supp. 3d 52, 61 (D.D.C. 2014), citing 5 U.S.C. § 702, it does not apply to cases in which a party seeks monetary damages. 5 U.S.C. § 702. Congress expressly "restricted section 702's waiver of sovereign immunity by stating that nothing in the APA 'confers authority to grant relief if any other statute that grants

consent to suit expressly or impliedly forbids the relief which is sought.'" *Spectrum Leasing Corp. v. United States*, 764 F.2d 891, 892–93 (D.C. Cir. 1985), quoting 5 U.S.C. § 702.

Moreover, "the Tucker Act vests exclusive jurisdiction in the United States Court of Federal Claims over claims against the United States for 'liquidated or unliquidated damages in cases not sounding in tort." *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006), citing 28 U.S.C. § 1491. "The Little Tucker Act provides an exception, vesting concurrent jurisdiction in district courts for civil actions or claims against the United States for $10,000 or less." *Id*., citing 28 U.S.C § 1346(a)(2). "So the operative question is whether [plaintiff's] claim is one for over $10,000 in 'money damages.'" *Palacios v. Spencer*, 267 F. Supp. 3d 1, 5 (D.D.C. 2017), *aff'd Palacios v. Spencer*, 906 F.3d 124 (D.C. Cir. 2018).

In *Palacios*, the plaintiff sought review of a decision by the Board of Correction of Naval Records as well as back pay and other benefits "that would naturally flow from" the correction of his military record. 267 F. Supp. 3d at 5. Despite the plaintiff's assertion that "primarily his complaint sought to correct his military records and that the essence of his complaint was therefore not monetary," *Palacios*, 906 F.3d at 127, the Circuit Court upheld the lower Court's determination that it did not have subject matter jurisdiction because "[t]he complaint expressly demanded the entry of a judgment including an award of back pay exceeding $10,000," and, therefore, the Court of Federal Claims had exclusive jurisdiction over the claim under the Tucker Act. *Id*. at 126–27.

Here, as in *Palacios*, plaintiff seeks both monetary and non-monetary relief. And given plaintiff's express demand for pecuniary damages in excess of $10,000, the Court is not required to evaluate the "essence" of the complaint. *See id*. ("We 'look only to the essence of a complaint in the *absence* of an explicit request for monetary relief.'"), quoting *Schwalier v. Hagel*, 734

F.3d 1218, 1221 (D.C. Cir. 2013). Because the Court of Federal Claims has exclusive jurisdiction over claims exceeding $10,000 under the Tucker Act, defendants' motion to dismiss for want of subject matter jurisdiction is granted.[6]

## II. Plaintiff is not entitled to mandamus relief.

Even if the Court was to read plaintiff's demand for the correction of his military record and reinstatement to the Army separately from his demand for pecuniary relief, which is not required, plaintiff would still not meet the heavy burden of showing he is owed mandamus relief.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (internal citation omitted). "'The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.'" *Lozada Colon v. Dep't of State*, 170 F.3d 191, 191 (D.C. Cir. 1999), quoting *United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931). Furthermore, under D.C. Circuit case law, review of the actions of military corrections boards is "unusually deferential." *Piersall v. Winter*, 435 F.3d 319, 324 (D.C. Cir. 2006), citing *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989).

Here, plaintiff asserts that to correct his wrongful separation from the Army twenty-four years ago, the Court should order the Army to reinstate him effective from the date of his separation and make the appropriate corrections to his record, rank, and pay. Compl. ¶ 27. However, plaintiff fails to show that his entitlement to that extraordinary relief is clear and

---

6   This decision would not differ if it considered plaintiff's earlier request for $10 million in damages instead of the $25 million request submitted in his November 25, 2019 Amendment to Relief Sought in Initial Appeal [Dkt. # 18].

9

indisputable – he does not direct the Court to any law that requires the Army to perform the requested actions, and prior attempts to seek correction of his record and reinstatement have been rejected by both the Army Board for Correction of Military Records and the Court of Federal Claims. Accordingly, plaintiff's request for a writ of mandamus is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: January 30, 2020